IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

                Plaintiff,        :        Case No. 3:14-cv-164

  - vs -                             District Judge Walter Herbert Rice
                                          Magistrate Judge Michael R. Merz

CARL HENDERSON,

                                      :

                Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. No. 6). Plaintiff complains of the Magistrate Judge's notation order finding as moot Plaintiff's Motion for Leave to Proceed *in forma pauperis*.

The notation order does not explain why the Motion is moot. The reason is that Plaintiff has attempted to re-file in this case exactly the same case against Dayton Municipal Judge Carl Henderson that he filed in Case No. 3:14-cv-064. In that case Easterling sought to have this Court compel Judge Henderson to grant an Ohio Civ. R. 60(b) motion Easterling filed in a criminal case before Judge Henderson. The Magistrate Judge recommended that 3:14-cv-064 be dismissed as barred by abstention under *Younger v. Harris*, 401 U.S. 37 (1971), to the extent the criminal case was not final or by *Preiser v. Rodriquez*, 411 U.S. 475 (1973), to the extent it sought relief from final judgment in a criminal case. Judge Rice adopted the Magistrate Judge's Report and dismissed that case on May 15, 2014.

Rather than appealing Judge Rice's decision, Easterling attempted to re-file the same case

1

six days later by filing for *in forma pauperis* status in this case. In other words, Easterling had already received a final[1] judgment on his claims against Judge Henderson. If he believed that judgment was in error, his remedy was by way of appeal to the Sixth Circuit, not by re-filing the same case. Had his request to proceed *in forma pauperis* been granted, the next step the Court would have been required to take would have been to dismiss this new case as barred by *res judicata.*

The Motion for Relief from Judgment should therefore be DENIED. Moreover, this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

May 4, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[1] Judge Rice specifically provided that the dismissal in 3:14-cv-064 was with prejuduice.